UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**McKesson Corporation,**

      *Plaintiff,*

v.                     Case No. 3:19-cv-164
                       Judge Thomas M. Rose

**Diana Dillow,** *et al.***,**

      *Defendants.*

---

**ENTRY AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE AND DISMISS UNDER FED. R. CIV. P. 12(f) AND 12(b)(6). ECF 10. DEFENDANTS' MOTION TO STRIKE IS GRANTED AND DEFENDANTS' MOTION TO DISMISS IS DENIED. PLAINTIFF IS GRANTED UNTIL APRIL 3, 2020 TO FILE AN AMENDED COMPLAINT COMPLYING WITH THIS ORDER.**

---

This is an action filed by the alleged fiduciary of an ERISA plan under Section 502(a)(3) of ERISA (29 U.S.C. § 1132(a)(3)), seeking equitable relief in the form of a constructive trust or equitable lien by agreement. Defendants, Diana Dillow, the Brannon Law Firm, LLC and Douglas D. Brannon move the Court to strike allegedly immaterial and impertinent averments in the Complaint setting forth confidential settlement discussions between the parties, involving the parties' counsel. ECF 10. Defendants further move to dismiss all claims against Defendant Douglas D. Brannon and the Brannon Law Firm. Id. Finally, Defendants ask the Court to dismiss Plaintiff McKesson Corporation's claim for unjust enrichment against all parties. Id.

**I.  Background**

Defendant, Diana Dillow sustained catastrophic injuries as a result of an automobile accident on or around April 6, 2017. She incurred, and continues to incur, massive medical bills for treatment of her injuries. Dillow allegedly retained Defendants Brannon Law Firm, LLC and Douglas D. Brannon, Esq. to represent her regarding her personal injury claim. (Compl. ¶¶10-11.)

McKesson Corporation is the fiduciary or sponsor for the McKesson Corporation Health Plan, which is an ERISA-qualified, self-funded health benefit plan provided to employees of McKesson Corporation. (Compl. ¶1.) McKesson's Complaint alleges that Dillow was an eligible Dependent under the Plan and that the plan made payments to medical providers in the amount of $2,095,879.34. Plaintiff alleges that under the terms of the Plan, Dillow is required to reimburse the Plan for all benefits the Plan paid from funds she recovers from a third party, including proceeds recovered through settlement. (Compl. ¶14.) On or about August 1, 2017, The Rawlings Company, LLC sent correspondence to the Brannon Law Firm providing notice of the Plan's lien and advising Brannon that the Plan is an ERISA-qualified, self-funded plan. (Compl. ¶16.)

The Complaint alleges that in October 2018, Dillow settled her personal injury claim without filing a lawsuit and the tortfeasor's carrier issued a settlement check in the amount of $5,955,682.79. (Compl. ¶12.) From November 1, 2018 through the filing of this action, Rawlings or the Plan's representatives were in contact with Brannon in an attempt to resolve the Plan's lien. (Compl. ¶¶20-24.)

On May 31, 2019, McKesson filed this action asserting its lien against the proceeds of any recovery by Dillow in the amount of the benefits paid, and to enforce its right to seek

reimbursement of expenses paid on behalf of Dillow. (Compl. ¶13.)  On July 26, 2019, Defendants filed a Motion to Strike and Dismiss under Fed. R. Civ. P. 12(f) and 12(b)(6).

**II.     Standard**

Federal Rule of Civil Procedure. 12(f) provides that

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); see also, *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 546 (6th Cir. 2007).  The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6). *Ashcroft*, 129 S. Ct. at 1949.

**III.    Analysis**

Defendants move the Court to strike Paragraphs 22 – 25 of the complaint, which aver that:

> 22. On January 15, 2019, the Plan's counsel spoke with Brannon in an attempt to resolve the Plan's lien without litigation.

23. On February 11, 2019, the Plan's counsel had further communication with Brannon in an attempt to resolve the Plan's lien without litigation.

24. On February 13, 2019, Brannon offered to resolve the Plan's $2,095,879.34 lien for $525,000.00.

25. To date, the parties have been unable to resolve the Plan's lien.

(ECF 1.)

In the Sixth Circuit, courts are reluctant to strike material from pleadings:

> Motions to strike are viewed with disfavor and are not frequently granted. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953); *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). The function of the motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with" them early in the case. *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir.1986) (quoting *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983)).

*Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015).

However, "[s]ettlement discussions are inadmissible to show fault under Fed. R. Evid. 408, and accordingly may be stricken from a complaint as immaterial and potentially prejudicial." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 40 (S.D.N.Y. 1992), citing *Foster v. WNYC-TV*, 1989 U.S. Dist. LEXIS 13724, 14 U.S.P.Q.2D (BNA) 1048, at *17 (S.D.N.Y. Nov. 17, 1989). The Court will grant Defendants' motion with regard to Paragraph 24 of the Complaint, Paragraphs 22, 23 and 25, however, do not suffer the same defect.

**Motion to dismiss**

A plan participant's attorney may be named as a defendant in a suit brought pursuant to § 502(a)(3) of ERISA, as long as the relief sought lies in equity:

> To be sure, § 502(a)(3) limits the universe of potential plaintiffs who may bring a civil action for equitable relief to a "participant, beneficiary, or fiduciary" of an ERISA plan. The Act, however, does not contain a similar provision limiting the class of defendants in a § 502(a)(3) action. The Supreme Court recognized this in Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc., 530 U.S. 238, 246, 120 S.Ct. 2180, 147 L.Ed.2d 187 (2000) in which it noted that "§ 502(a)(3) admits of no limit (aside from the 'appropriate equitable relief' caveat ...) on the universe of possible defendants." Indeed, while other provisions of ERISA expressly identify the individuals or entities subject to suit, "§ 502(a)(3) makes no mention at all of which parties may be proper defendants[.]" Id. Accordingly, there is no statutory barrier that prevents Kolt [the attorney for the plan participant's injured dependent] from being a defendant in a suit brought pursuant to § 502(a)(3) of ERISA, provided that the relief sought lies in equity.

*Longaberger Co. v. Kolt*, 586 F.3d 459, 468 (6th Cir. 2009)(abrogated on other grounds by *Montanile v. Bd. of Trustees of Nat. Elevator Indus. Health Benefit Plan*, 136 S. Ct. 651, 193 L. Ed. 2d 556 (2016)).

The enforcement of a lien created by an agreement to convey a particular fund to another party is equitable. See *Sereboff,* 547 U.S., at 363–364, 126 S.Ct. 1869. *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356, 126 S.Ct. 1869, 164 L.Ed.2d 612 (2006). Enforcement of a lien against specifically identifiable funds that were within a plan participant's possession and control is equitable if the plan immediately sues to enforce the lien against the fund. *Montanile v. Bd. of Trustees of Nat. Elevator Indus. Health Benefit Plan*, 136 S. Ct. 651, 653–54, 193 L. Ed. 2d 556 (2016).

An attorney is subject to suit under ERISA § 502(a)(3):

> In *Longaberger Co. v. Kolt*, the Sixth Circuit held that an ERISA plan's suit to recover plan funds from a beneficiary's attorney, who was neither a fiduciary nor beneficiary himself of the plan, was within the scope of "appropriate equitable relief" allowed by § 502(a)(3). 586 F.3d 459, 468 (6th Cir. 2009) (abrogated on other grounds by *Montanile v. Bd. of Trustees of Nat. Elevator Ind. Health Benefit Plan*, ––– U.S. ––––, 136 S.Ct. 651, 193 L.Ed.2d 556 (2016)). *Longaberger* involved a subrogation dispute between the ERISA benefits plan and the beneficiary's attorney. Id. at 463. The beneficiary was injured in a car accident, and the plan paid the beneficiary's medical expenses. Id. The beneficiary later received a settlement in a personal injury action, out of which the attorney took his fees. Id. at 464. However, under the terms of the plan, any funds from settlements arising out of accidents for which the plan had paid, were to be paid back to the Plan. Id. at 467. In addition, the plan language provided that the plan had a first priority lien and first priority claim over funds recovered from third parties. Id. Although the beneficiary paid his portion of the settlement back to the plan, the attorney kept his fees, and the plan filed suit to recover under the language of the plan. Id. at 464. The district court found for the plan, holding that the plan as written constituted an equitable lien on all tort recoveries arising out of injuries for which the plan had paid. Id. at 464-65. The district also found that the plan could enforce its lien under § 502(a)(3) of ERISA. Id.
>
> On appeal to the Sixth Circuit, the attorney argued that since he was neither a plan fiduciary nor beneficiary, he could not be subject to suit under § 502(a)(3). Id. at 467-68. The court disagreed:
>
>> Indeed, while other provisions of ERISA expressly identify the individuals or entities subject to suit, "§ 502(a)(3) makes no mention at all of which parties may be proper defendants[.]" Accordingly, there is no statutory barrier that prevents [Defendant] from being a defendant in a suit brought pursuant to § 502(a)(3) of ERISA, provided that the relief sought lies in equity. Id. at 468 (quoting *Harris Trust*, 530 U.S. at 246, 120 S. Ct. 2180).

*Duggan v. Towne Properties Grp. Health Plan*, No. 1:15-CV-623, 2019 WL 1439936, at *4 (S.D. Ohio Mar. 31, 2019)(Barrett, J). See also, *Heartland Health & Wellness Fund v. Billeter*, 333 F.

6

Supp. 3d 761, 767 (S.D. Ohio 2018) (recognizing that a plan's equitable lien may be asserted against the injured party's attorney even though the attorney is not a party to the plan, and that *Longaberger* was abrogated on other grounds); *UnitedHealth Grp. Inc. v. MacElree Harvey, Ltd.*, No. CV 16-1026, 2016 WL 4440358, at *8 (E.D. Pa. Aug. 23, 2016) (same).

While Defendants assert that Plaintiff cannot sue in equity because the settlement funds have dissipated, there is no evidence this is the case. Moreover, while Defendants claim *Montanile* bars Plaintiff's claim, in *Montanile*, the Plan had "sufficient notice" of the Plan Participant's settlement to have taken various steps to preserve those funds. Most notably, when negotiations broke down and the Plan Participant's lawyer expressed his intent to disburse the remaining settlement funds unless the plan objected within 14 days, the plan did not object. Additionally, the Plan could have filed suit immediately, rather than waiting half a year. *Montanile v. Bd. of Trustees of Nat. Elevator Indus. Health Benefit Plan*, 136 S. Ct. 651, 662, 193 L. Ed. 2d 556 (2016). These factors are not present in this case.

Plaintiff's cause of action for an accounting against all Defendants is properly pleaded. An accounting is a form of equitable relief. See, e.g., *Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999, 1008 (8th Cir. 2004) ("It is undisputed that an accounting for profits-the remedy that allows for the disgorgement of profits awarded by the district court-is a type of relief that was typically available in equity and therefore is appropriate under § 1132(a)(3)(B).") and *Miller Med. Sales, Inc. v. Worstell*, No. 91AP-610, 1992 WL 31988, at *7 (10th Dist. Feb. 18, 1992) (noting that a claim for accounting is a request for an equitable remedy).

A demand for an accounting is a permissible claim under ERISA § 502(a)(3), which "authorizes a 'participant, beneficiary, or fiduciary' of a plan to bring a civil action to obtain

7

'appropriate equitable relief' to redress violations of ERISA Title I. 29 U.S.C. § 1132(a)(3)." *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 241, 120 S. Ct. 2180, 2184, 147 L. Ed. 2d 187 (2000) (quoting 29 U.S.C. §1132(a)(3). Moreover, in *Harris Trust*, the Supreme Court held that a fiduciary could pursue a claim for appropriate equitable relief against a nonfiduciary entity. Id. Therefore, Plaintiff has sufficiently pled a cause of action for an accounting against Brannon and the Brannon Firm. Plaintiff's third cause of action will not be dismissed.

Likewise, Plaintiff's cause of action for unjust enrichment is properly pleaded and will not be dismissed. Like a claim for an accounting, a claim for unjust enrichment seeks equitable relief. See, e.g., *DuBrul v. Citrosuco N. Am., Inc.*, 892 F. Supp. 2d 892, 915–16 (S.D. Ohio 2012) (holding that under Ohio law, "[u]njust enrichment occurs . . . 'when a party retains money or benefits which in justice and equity belong to another.") (internal citation omitted). See also, *City of Cleveland v. Ohio Bureau of Workers' Comp.*, 2018-Ohio-846, ¶¶ 105-113 (8th Dist.) (noting that unjust enrichment is a form of equitable relief). In *DuBrul*, the defendants moved to dismiss the plaintiff's claim for unjust enrichment for failure to state a claim. *DuBrul*, 892 F. Supp. 2d at 915-16. Plaintiff argued that he was permitted to plead the claim in the alternative. Id. The court agreed with plaintiff and denied the motion to dismiss. This Court will do the same.

**IV.** **Conclusion**

Because a settlement offer is immaterial and potentially prejudicial, Defendant's Motion to Strike, ECF 10, is **GRANTED**. Plaintiff is granted until April 3, 2020 to file an amended Complaint complying with this opinion by omitting current paragraph 24. Because a plan participant's attorney may be named as a defendant in a suit brought pursuant to § 502(a)(3) of

ERISA, as long as the relief sought lies in equity, and because Plaintiff has pleaded equitable claims, Defendant's Motion to Dismiss, ECF 10, is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, March 25, 2020.

s/Thomas M. Rose

———————————————
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE